UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAY CHRIS OLSON,<br><br>                Plaintiff,<br><br>   v.<br><br>IDAHO DEPARTMENT OF CORRECTION,<br><br>                Defendant.[1] | Case No. 1:21-cv-00066-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Jay Chris Olson's Complaint as a result of Plaintiff's status as an inmate.[2] The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

---

[1] It appears from the body of the Complaint that Plaintiff intended to name additional Defendants, such as Rebekah Haggard and Rona Siegert. *See Compl.* at 3–4. Plaintiff is advised that he must clearly identify all Defendants in the caption of the Complaint. Any individual or entity not so identified is not considered a party to this action.

[2] Plaintiff's claims in this action were previously severed from Plaintiff's other case, *Olson v. Idaho Dep't of Corr.*, Case No. 1:20-cv-00396-BLW. *See* Dkt. 2. The Court will address the Complaint's claims of inadequate medical treatment, asserted against IDOC and against Corizon Medical Services, in that separate case. The Court will address only Plaintiff's excessive force claims in this case.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

1.    **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2.    **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). And, a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim.

3.     **Factual Allegations**

Plaintiff is a prisoner currently incarcerated at the Idaho State Correctional Institution ("ISCI"). On March 11, 2020, while in the prison infirmary, medical providers treated Plaintiff with lactulose. *Compl.*, Dkt. 1, at 6. Plaintiff states that the lactulose caused severe diarrhea, and he needed to use the restroom frequently.

At some point after Plaintiff was given the lactulose, non-defendant correctional officer Sergeant Gould arrived to bring Plaintiff back to his cell. He asked Gould for a wheelchair because, without one, he believed he would "mess" himself. *Id*. The male nurse and the officer then "smirked." Gould asked the nurse if Plaintiff had a wheelchair memo, and the nurse said he did not think that Plaintiff did. Plaintiff "blurted out … I do fucking too." *Id*. at 7. Plaintiff apparently did have a wheelchair memo, but the nurse did not realize this because he did not check the computer.

Gould told Plaintiff to "watch [his] mouth," to which Plaintiff responded that he had "a freedom of speech right." Gould gestured for Plaintiff to come forward, evidently for transport from the infirmary. Plaintiff's diarrhea then "hit [him] really bad and [he] twisted to run" to a toilet; however, Plaintiff "only made it one step" and defecated on the floor. *Id*.

Gould called Plaintiff a "mother fucker" and told him to get his hands "on the fucking wall." *Id*. Plaintiff did not do so. Instead, Plaintiff ran down the hall to another room where he knew there was a toilet. Plaintiff sat down on the toilet, but Gould used mace on Plaintiff through the cracks in the door. Plaintiff then either lay on the floor and

was handcuffed or was "yanked" off the toilet and onto the floor. *Id*. at 7–8. Plaintiff states he did not resist after that.

Gould pushed Plaintiff from the medical unit without a wheelchair, having been told by the nurse that Plaintiff did not have a wheelchair memo. On the way to Unit 8, "the hole," Plaintiff defecated several times in front of other inmates and felt "humiliated and dehumanized." *Id*. at 8.

Plaintiff "was taken to A-4 cell, thrown to the floor and [his] clothes were cut off." *Id*. Plaintiff was confused and was just trying figure out "how everything went so wrong." Several staff members came to try to talk to Plaintiff at various times, but he would not respond. *Id*.

An unidentified guard told Plaintiff to come to the cell door and turn around to be handcuffed—presumably to be moved elsewhere. Plaintiff did not do so, telling the guard that "if [he] was just going there to be locked down [he] would stay" in the A-4 cell. *Id*. Plaintiff refused to be moved and lay down on his bunk.

A team of officers entered Plaintiff cell, grabbed him, and "slammed [him] into the metal wall[,] cutting the left side of [his] face open." *Id*. at 9. Plaintiff's face was also slammed off the bunk. An unidentified officer on the extraction team "repeatedly drove his knee into [Plaintiff's] back," causing severe pain. Plaintiff was taken off the floor, cuffed and shackled, and brought to Unit 16, where a non-defendant nurse evaluated Plaintiff's injuries. *Id*.

The nurse told Plaintiff he needed sutures and asked him if he would accept medical help. He responded that he "didn't dare open [his] mouth or [he] would get in trouble." *Id*. at 9. The unidentified leader of the extraction team said, "[W]e will take that as a medical refusal" and placed Plaintiff in an empty cell. Plaintiff states that this officer "abused [him] all over again" but does not describe any such abuse. *Id*.

Plaintiff was left naked, in view of many inmates. He was terrified and humiliated. *Id*. at 9–10. Plaintiff later learned that he had been placed on suicide watch. The next day Plaintiff was taken back to Unit 8.

Evidently as a result of the altercation with Gould or Plaintiff's refusal to obey officers' instructions to move cells, Plaintiff lost all privileges for 68 days. He also received additional classification points and was denied parole. *Id*. at 10.

Plaintiff contends that the altercations with Gould and the extraction team constituted excessive force in violation of the Eighth Amendment. *Id*. at 11. Plaintiff seeks monetary, declaratory, and injunctive relief. *Id*. at 13–14.

4. **Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

    A.    ***Legal Standards for Excessive Force Claims***

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training,

supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted). A plaintiff may seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Or. State Bd. of Higher Educ*., 166 F.3d 1032, 1036 (9th Cir. 1999).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those

conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

The Eighth Amendment protects prisoners against cruel and unusual punishments and prohibits prison officials from using excessive force against inmates. "[T]he subjective inquiry for excessive force claims 'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Because "corrections officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance, courts must afford prison staff "wide-ranging deference" in this analysis. *Id*. (internal quotation marks omitted).

Not every "malevolent touch" by a prison guard gives rise to an Eighth Amendment claim. *Hudson*, 503 U.S. at 9; *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). Therefore, in addition to showing that prison officials used force maliciously and sadistically, a prisoner asserting an excessive force claim must "objectively show that he was deprived of something sufficiently serious." *Id*. (internal quotation marks omitted). A court considers five factors in analyzing whether the objective component has been met: "(1) the extent of injury suffered by an inmate; (2) the need for application of force;

(3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (internal quotation marks omitted).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### B. The Complaint Does Not State a Plausible Excessive Force Claim

Plaintiff's excessive force claims are implausible for two reasons. First, the only Defendant against whom Plaintiff asserts his excessive force claims is the IDOC—a state entity. However, the Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state or state entity absent a waiver of state sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not constitute such a waiver, nor has Idaho itself waived its sovereign immunity for constitutional claims. *Quern v. Jordan*, 440 U.S. 332, 342–44 (1979); *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012) (unpublished). Finally, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff should omit the IDOC from any amended complaint.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

Second, Plaintiff's allegations do not raise a reasonable inference that any of the officers acted sadistically and maliciously, for the very purpose of causing harm, when they applied force on the two occasions described in the Complaint. *See Bearchild*, 947 F.3d at 1140. Plaintiff acknowledges that force was applied after Plaintiff (1) disobeyed an order to place his hands on the wall, choosing instead to run away from Sergeant Gould, and (2) refused to be voluntarily transferred from his cell. Sergeant Gould may not have realized that Plaintiff was unable to make it to the toilet and could have reasonably believed that Plaintiff intentionally defecated on the floor. It would have been reasonable at that point for Gould to command Plaintiff to place his hands on the wall and, once Plaintiff ran away, for Gould to catch up to Plaintiff and try to keep him under control. As for the extraction team, because Plaintiff had refused to be transferred voluntarily, it would have been reasonable for these officers to believe that the force applied was necessary to extract Plaintiff from the cell.

For these reasons, the Complaint does not state a plausible excessive force claim under the Eighth Amendment.[3]

---

[3] In addition, Plaintiff should be aware that his claims of humiliation and verbal abuse are not actionable under § 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (allegations that defendant "personally informed plaintiff that if he never cut his hair and shaved his beard that he would lose what class he had and would have a bad time at Wrightsville" and that defendant "verbally abused and threatened him for filing grievances" did not constitute a constitutional violation); *McFadden v. Lucas*, 713 F.2d 143, 147 (5th Cir. 1983) ("While twenty-two officers armed with sticks and threatening demeanor may arguably be excessive, we must, in the absence of physical abuse, concur with the lower court's dismissal. The alleged conduct, absent more, cannot be said to rise to the level of conduct which 'shocks the conscience'" (citation omitted)).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

## 5. Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages

Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12

amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[4]

2. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: February 12, 2021

B. Lynn Winmill
U.S. District Court Judge

---

[4] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).